IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv63
(3:07cr252; 3:08cr43; 3:08cr47)

| | |
|---|---|
| RICKY DEAN WATSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on February 16, 2010 (Doc. No. 1); the Government's Response and Motion for Summary Judgment filed June 14, 2010 (Doc. Nos. 8 and 9); and Petitioner's reply filed on July 19, 2010 (Doc. No. 11.) For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On October 24, 2007, Petitioner was named in a one-count Bill of Indictment and charged with bank robbery in violation of 18 U.S.C. § 2113(a). (Case No. 3:07cr252, Doc. No. 5: Bill of Indictment.) In February, 2008, Petitioner was charged in the District of South Carolina with four counts of bank robbery in violation of 18 U.S.C. § 2113(a). On March 7, 2008, Petitioner was charged in the Southern District of Georgia with one count of bank robbery in violation of 18 U.S.C. § 2113(a). Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Petitioner consented to the transfer of the South Carolina and Georgia cases to this Court. (3:08cr47, Doc. No.1; 3:08cr43, Doc. No. 1.)

1

Petitioner agreed to pled guilty to all six counts of bank robbery pursuant to a written plea agreement. (Case No. 3:08cr47, Doc. No. 2) Pursuant to his plea agreement, Petitioner agreed to waive his right to appeal or collaterally attack his conviction and sentence except on the bases of ineffective assistance of counsel and prosecutorial misconduct. (Id., ¶¶ 18-19.) Petitioner also stipulated that if the Probation Office determined that he qualified as a career offender under Sentencing Guidelines § 4B1.1, that provision "may be used in determining the sentence," notwithstanding any recommendations as to the offense level in the Plea Agreement. (Id., ¶ 7(I).)

On April 18, 2008, Petitioner appeared with counsel before the magistrate judge for a Plea and Rule 11 Hearing. (Case No. 3:08cr47, Doc. No. 4: Entry and Acceptance of Guilty Plea Form.) At that hearing, the magistrate judge placed Petitioner under oath and then engaged him in a standard lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered.[1] (Id.) During that hearing, Petitioner affirmed that he understood the nature of the offenses to which he was pleading guilty, as well as the maximum penalties he faced. Additionally, in response to the magistrate judge's question as to whether Petitioner was satisfied with the services of his attorney, Petitioner stated "very much so" and gave the court what it characterized as a "[h]ighly complimentary statement."[2] (Id. ¶¶ 30 - 31.)

In preparation for the sentencing hearing, the Probation Officer prepared a presentence report

---

[1] The Court notes that during his Plea and Rule 11 hearing, Petitioner explained to the Court that he was on medication for mental health issues and a non-narcotic medication for lower back pain but that neither medication affected his thinking and that he understood that he was pleading guilty and that his mind was clear. The Court then asked counsel if she had any trouble communicating with or understanding her client and counsel stated that she did not.

[2] The Court was able to listen to the audio recording of Petitioner's Plea and rule 11 hearing and notes that Petitioner stated that his counsel was "very good, left nothing out, went from A to Z."

("PSR".) The Probation Officer recommended a base offense level of 20 for each bank robbery count plus a two-level enhancement for taking property of a financial institution pursuant to Sentencing Guidelines § 2B3.1(b)(1), and an additional two-level enhancement for death threats made by Petitioner pursuant to Sentencing Guidelines § 2B3.1(b)(2)(F). A five-level multiple count adjustment was also recommended based on the six acts, pursuant to Sentencing Guidelines § 3D1.4, yielding a preliminary adjusted offense level of 29. After considering Petitioner's prior felony convictions for breaking and entering and two counts of bank robbery, the Probation Officer determined that Petitioner met the career offender requirements within the meaning of Sentencing Guidelines § 4B1.1; accordingly , the Probation Officer calculated an adjusted offense level based on Petitioner's career offender status of 32. Three levels were deducted for Petitioner's acceptance of responsibility, and based on a total offense level of 29 and a criminal history category of VI, the Probation Officer noted an applicable Guidelines range of imprisonment between 151 and 188 months.

Petitioner filed nine objections to the PSR, challenging the calculation of restitution, raising the possibility of an unindicted co-conspirator, contesting a prior dismissed charge from the State of Florida and requesting a long-term residential drug treatment program. (Case No. 3:08cr47, Doc. No. 5.) The Government filed no objections.

On February 4, 2009, Petitioner appeared before the Court for a sentencing hearing. The undersigned sentenced Petitioner to 151 months as to each count to run concurrently. Judgment was entered on February 11, 2009. Petitioner did not file a direct appeal. Instead, on February 16, 2010, Petitioner filed the instant Motion to Vacate alleging that his sentence was improperly enhanced based on twelve of his prior North Carolina convictions; his counsel was ineffective in failing to advocate on his behalf during his sentencing; and his counsel was ineffective in failing to preserve

issues for appeal. Petitioner asks that this Court conduct an evidentiary hearing in order to correct his sentence.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore,

4

if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Critically, because Petitioner's claims are related to sentencing issues, in order to demonstrate an entitlement to relief on those, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999)

Petitioner first contends that his counsel was ineffective for failing to challenge twelve of his prior North Carolina criminal convictions, which he argues, were obtained in violation of his right to counsel. Petitioner adds that the convictions "improperly enhanced" his sentence and he asks that the convictions be excluded from his criminal history computation.

As described in paragraphs 94, 95 and 96 of the PSR, Petitioner pled guilty on or about February 29, 2000, in the Superior Court of Craven County, North Carolina to twelve crimes: larceny by employee, breaking and entering, larceny after breaking/entering, possession of stolen goods and eight counts of obtaining property by false pretenses. The record establishes that Petitioner waived his right to counsel as to each of these convictions. (See Doc.. No. 8-1 and 8-2, Waiver of Counsel Forms.). Ms. Angela Parrott, Petitioner's trial counsel, refutes Petitioner's claim that he told her at sentencing that he was not represented by counsel for these convictions. (See Parrott Aff. Doc. No. 8-1.) Indeed, Ms, Parrott contends that she "reviewed [her] files and notes . . . and there is no evidence of [Petitioner] telling [her] that he was not represented by an attorney"

5

in any of his state convictions. Ms. Parrott offered that had Petitioner raised this issue to her, based on her 'thirteen-plus years of experience as a Federal Public Defender[,] . . . [she] would have investigated it and/or raised it in [the] Objections to the Presentence Report." (Id.)

In his reply brief, Petitioner concedes that he signed a waiver of counsel form in connection with the twelve prior North Carolina criminal convictions, but argues that he "was under the care and treatment of a local psychiatrist and was on some powerful, mind altering psychotropic medication at the time in which he waived his right to counsel." (Doc. No. 11, Reply brief at 2.) Therefore, he argues, he was not capable of making the decision to represent himself. (Id.)

The Supreme Court made clear in Custis v. United States, 511 U.S. 485, 496 (1994) that in a federal sentencing proceeding a defendant has no right to collaterally challenge a prior state court conviction used to enhance his sentence, even on federal constitutional grounds, unless the defendant can establish that the prior state conviction was obtained in violation of the Sixth Amendment right to court-appointed counsel as established in Gideon v. Wainwright, 372 U.S. 335 (1973). Accordingly, in a federal sentencing proceeding, once the Government establishes the fact of a prior conviction, the defendant bears the "especially difficult burden" of showing that the conviction sought to be used as a predicate conviction under § 4B1.1 is subject to a collateral challenge under the Gideon exception to Custis. See United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004), citing United States v. Jones, 977 F.2d 105- 108-111 (4th Cir. 1992). With regard to criminal prosecutions in North Carolina state courts, North Carolina courts have a duty to notify all defendants who are potentially subject to a term of imprisonment of their right to counsel, but a defendant may also waive that right, as long as his waiver is knowing and voluntary, such that the record establishes that the defendant was "literate and competent." North Carolina v. Thacker, 271 S.E.2d 252, 257 (1980), citing Faretta v. United States, 422 U.S. 806 (1975).

The record establishes that Petitioner executed two waiver of counsel forms. The first was executed on February 21, 2000 and the second was executed on February 29, 2000.[3] Both contain an acknowledgment of rights and waiver signed by Petitioner which states:

> As the undersigned party in this action, I freely and voluntrily declare that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me and my right to have the assistance of counsel in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive the right to assigned counsel and the right to assistance of counsel.

Both waivers also contain a certification by the judge which states:

> I certify that the above named defendant has been fully informed in open court of the charges against him/her, the nature of and the statutory punishment for each charge, and the nature of the proceedings against the defendant and his/her right to have counsel assigned by the court and his/her right to have the assistance of counsel to represent him/her in this action; that the defendant comprehends the nature of the charges and proceedings and the range of punishments; that he/she understands and appreciates the consequences of his/her decision and that the defendant has voluntarily, knowingly and intelligently elected in open court to be tried in this action.

See, Doc. Nos. 8-2 and 8-3. North Carolina statute instructs that a defendant's waiver of his right to counsel is knowing and voluntary as long as the judge satisfies himself that the defendant has been clearly advised of his right to counsel, is aware of the consequences of his decision to represent himself and that he understood the nature of the charges, the range of permissible punishment for each and the trial proceedings. N.C.G.S. 15A-1242. Here, even if Petitioner's counsel has objected

---

[3] The Court notes that Petitioner was sentenced on February 29, 2000.

to Petitioner's underlying convictions on the basis that they were uncounseled and the waiver of counsel form was not knowing because Petitioner was on medication at the time he executed such waiver, this Court would have been able to rely on the state court judge's certification that the waiver was entered freely, voluntarily and knowingly. Therefore, even if the Court assumes counsel was deficient for failing to object to the use of the underlying criminal convictions as they were uncounseled and Petitioner was not competent to execute a waiver, this Court would have denied counsel's objection based on the two waivers Petitioner executed and the state court judge's certification that such waivers were freely entered.[4]

Furthermore, Petitioner cannot establish prejudice as is required under <u>Strickland</u> because even if this Court assumes the underlying convictions were invalid because they were obtained without either counsel or a voluntary waiver of Petitioner's right to counsel, only the breaking and entering conviction was used by the Probation Officer to support Petitioner's status as a career offender, and even without that conviction, Petitioner still qualifies as a career offender based on the two prior felony bank robbery convictions also relied upon by the Probation Officer. <u>See</u> Sentencing Guidelines § 4B1.1(a) (requiring at least two prior felony convictions). Thus, even if Petitioner's counsel could have challenged the twelve convictions challenged by Petitioner, Petitioner cannot establish prejudice because he qualified as a career offender even without those prior convictions.

With respect to the calculation of Petitioner's criminal history points, the Probation Officer calculated a total of 19 criminal history points, well exceeding the 13 points necessary to fall within

---

[4] Further, the Court notes that there is no evidence that Petitioner's convictions have been reversed, vacated or invalidated. Although, the Court is aware that the Petitioner has filed a "Petition for Writ of Habeas Corpus to Vacate Prior State Convictions or as an Alternative, petition for Writ of Error Coram Nobis" on March 2, 2010. (Doc. No. 5.)

a category VI, the highest category allowed by the Sentencing Guidelines. The convictions challenged by Petitioner account for three of the 19 points. Even if the contested convictions were not counted toward Petitioner's criminal history points, Petitioner amassed sufficient criminal history points to remain within a level VI. Therefore, Petitioner cannot establish prejudice in connection with this claim and the claim must fail.

Next, Petitioner claims that his counsel was ineffective at sentencing by failing to obtain his North Carolina criminal records "so that this Court could have determined if the prior convictions could legally be used as enhancements in this present case." (Motion at 20.) Counsel's failure to obtain the records could not have impacted Petitioner's sentence, however, because even subtracting the three points for the convictions Petitioner is challenging, Petitioner still had sufficient points to fall within the highest possible level. Petitioner has not established either prong of the Strickland test with respect to this claim, therefore, the claim must fail.

Petitioner next argues that his counsel failed to present issues and objections "in order to preserve the issues for appeal." (Motion at 23.) The heart of this claim is a continued challenge to the inclusion of the twelve challenged convictions which this Court has resolved in the above section. Next, the Court notes that although Petitioner alludes to an appeal, he does not state that he wanted to appeal or that he ever requested that an appeal be filed. Counsel's affidavit makes clear that she advised Petitioner regarding his appellate rights and that Petitioner elected not to pursue an appeal. (Doc. No. 8-1.) Petitioner has not established either prong of the Strickland test with respect to this claim and his claim therefore fails.

Finally, Petitioner argues that he is entitled to an evidentiary hearing. Pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases, the Court has the discretion to determine whether an evidentiary hearing is warranted. The Court has reviewed the record in this case and concludes that

an evidentiary hearing is not warranted in this case for the reasons stated within this Order.

## III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

SO ORDERED.

Signed: September 3, 2010

Frank D. Whitney
United States District Judge